UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

February 25, 2025

MEMORANDUM TO PARTIES RE:     Hanna v. International Football Alliance et al.
Civil Action No. GLR-25-0496

Dear Parties:

Pending before the Court is Plaintiff Will J. Hanna, II's Motion for Preliminary Injunctive Relief (ECF Nos. 1, 2). For the reasons set forth below, the Court will deny the Motion.

**Background**

This action arises out of self-represented Plaintiff Will J. Hanna's investment in the International Football Alliance (the "Alliance"), a quasi-professional football league.[1] (Compl. and Mot. Inj. Relief ["Mot."] at 1, ECF No. 1). Hanna alleges that beginning in 2023 the Alliance and its Director of Operations, Jason Adams, willfully and fraudulently devised a scheme to receive funds from potential franchise owners. (Id. at 2). According to Hanna, Adams and the Alliance have never actually used those funds for the Alliance. (Id.). In other words, Hanna alleges the Alliance is a "criminal enterprise" that is defrauding individuals across the country. (Id. at 3). Hanna additionally asserts that the Alliance defamed him by posting on Instagram and Facebook in December 2024 that he operated "unprofessionally" and not in conformance with the standards of the Alliance. (Id. at 4).

Hanna filed his Complaint and Motion for Injunctive Relief on February 18, 2025. (ECF Nos. 1, 2). To date, the International Football Alliance and Jason Adams have not filed a response.

**Standard of Review**

"A preliminary injunction is an 'extraordinary and drastic remedy.'" See Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Frazier v. Prince George's Cnty., Maryland, 86 F.4th 537, 543 (4th Cir. 2023). Further, pleadings drafted by self-

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe such pleadings. Haines v. Kerner, 404 U.S. 519, 595–96 (1972).

**Analysis**

To begin, Hanna appears to allege that the Alliance violated 18 U.S.C § 2314. (Mot. at 1–3, ECF No. 1). This provision of the United States Code criminalizes the transportation of stolen goods. 18 U.S.C § 2314. The investigation of the criminal offenses is the purview of law enforcement authorities, and, as a private citizen, Hanna lacks standing to bring criminal charges against another. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation).

Next, Hanna asserts he is entitled to emergency relief because the Alliance defamed him by posting on Facebook and Instagram in December 2024 that Hanna operated "unprofessionally" and not in conformance with the standards of the Alliance. (Mot. at 4). The Court finds that Hanna has not shown a likelihood of success on the merits of his defamation claim for the reasons stated bellow.

This Court has described the standard for defamation claims in Maryland[2] as follows:

> [A] plaintiff must establish that (1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm.

Doe v. Johns Hopkins Health Sys. Corp., 274 F.Supp.3d 355, 365 (D.Md. 2017). Here, Hanna has merely restated the elements of the claim but has not alleged sufficient facts to show that he is likely to succeed on the merits. At best, Hanna satisfies the element of publication by alleging that the Alliance posted the statements at issue on Facebook and Instagram. (Mot. at 2). But he fails to show he is likely to succeed on any other element. For instance, as to falsity, Hanna merely restates the rule, but provides no information about how the statements at issue are false. (Id. at 5). A statement is "false" if it was "not substantially correct." Piscatelli v. Van Smith, 35 A.3d 1140, 1147 (Md. 2012). It is too early in the ligation for the Court to conclude that Hanna is likely to show the statements were not substantially correct. Further, Hanna alleges the statements resulted "in the loss of over [$]550,000 in investments and funding for the plaintiff" without any other context or information. (Id. at 3.). Because Hanna makes conclusory allegations or is otherwise silent on crucial elements of the claim, Hanna is not entitled to the "extraordinary and drastic remedy" of injunctive relief at this stage of the litigation.

---

[2] The Court applies Maryland law at this stage of the ligation because it appears the parties are diverse, (Civil Cover Sheet at 1, ECF No. 1-1); Abadian v. Lee, 117 F.Supp.2d 481, 486 (D.Md. 2000) (explaining Maryland choice-of-law rules), but this analysis may change upon the discovery of further information over the course of this lawsuit.

2

3

**Conclusion**

       For the foregoing reasons, Hanna's Motion for Preliminary Injunction (ECF Nos. 1, 2) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. The Clerk shall mail a copy of this Order to Hanna's address on record.

       Entered this 25th day of February, 2025.

                                                                /s/
                                         George L. Russell, III
                                         Chief United States District Judge